IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JARED DEMILLE FULLER, #126041172, | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:21-cv-564-G-BN |
| SYDNEY B. HEWLETT, | § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jared Demille Fuller remains detained pretrial at the Johnson County jail, facing a felony criminal prosecution for sexual assault of a child, in which he has court-appointed counsel. *See State v. Fuller*, No. DC-F201800907 (18th Dist. Ct., Johnson Cnty., Tex.).

He has again filed a *pro se* petition requesting habeas relief under 28 U.S.C. § 2241, challenging the ongoing criminal proceeding. *See* Dkt. No. 3; *Fuller v. King*, No. 3:20-cv-1247-C-BN, 2020 WL 3052514 (N.D. Tex. May 18, 2020), *rec. adopted*, 2020 WL 3051427 (N.D. Tex. June 8, 2020) (dismissing Section 2241 proceeding for failure to exhaust available state remedies), *notice of appeal filed* Aug. 4, 2020; *Fuller v. Hanna*, No. 3:20-cv-1955-E-BN (N.D. Tex. Sept. 4, 2020) (again dismissing Section 2241 proceeding for failure to exhaust available state remedies), *appeal dismissed for lack of jurisdiction*, No. 20-11174 (5th Cir. Jan. 12, 2021).

Senior United States District Judge A. Joe Fish referred Fuller's latest habeas action to the undersigned United States magistrate judge for pretrial management

under 28 U.S.C. § 636(b) and a standing order of reference.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the current habeas petition without prejudice to Fuller's right to properly pursue available state remedies.

Section 2241 remains "'available for challenges by a state prisoner who is not in custody pursuant to a state court judgment.' For example, prisoners 'in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction' are able to take advantage of § 2241 relief." *In re Wright*, 826 F.3d 774, 782 (4th Cir. 2016) (quoting *White v. Lambert*, 370 F.3d 1002, 1006 (9th Cir. 2004)).

And "[a] state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under § 2241 if two requirements are satisfied." *Ray v. Quarterman*, No. 3:06-cv-850-L, 2006 WL 2842122, at *1 (N.D. Tex. July 24, 2006), *rec. adopted*, 2006 WL 2844129 (N.D. Tex. Sept. 29, 2006).

Fuller's continued incarceration in Johnson County satisfies the initial "in custody" requirement. *See id.*

But he must also exhaust his "available state remedies." *Id.* at *1 & n.1 (explaining that, "[d]espite the absence of an exhaustion requirement in the statutory language of § 2241, the courts have developed an exhaustion doctrine, holding that federal courts should abstain from the exercise of jurisdiction until the issues are resolved in state court"; citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Ct of Ky.*, 410 U.S. 484, 489-92 (1973)); *see also*

*Fain v. Duff*, 488 F.2d 218, 223 (5th Cir. 1973) ("With respect to collateral attack on convictions in state court, the requirement was codified in 28 U.S.C. § 2254(b), but the requirement applies to all habeas corpus actions.").

> State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by a currently available and adequate procedure. *Braden*, 410 U.S. at 489. This entails submitting the factual and legal basis of any claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A Texas pretrial detainee must present his claim to the Texas Court of Criminal Appeals. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985).
> A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." *Deters*, 985 F.2d at 795. Absent exceptional circumstances, a pre-trial detainee may not adjudicate the merits of his claims before a judgment of conviction has been entered by a state court. *Braden*, 410 U.S. at 489.

*Ray*, 2006 WL 2842122, at *1; *see also Braden*, 410 U.S. at 493 ("Derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.).

Fuller again fails to make this showing. *See generally* Dkt. No. 3.

While Fuller has attached to his petition correspondence from the Johnson County District Clerk, the Texas Court of Criminal Appeals, and the United States Supreme Court, *see id.* at 12-19, the correspondence reflects that Fuller has yet to comply with the applicable rules for docketing a state application for habeas relief. He has therefore yet to properly exhaust his available state remedies.

For example, a Texas prisoner's habeas application under 28 U.S.C. § 2254 should be dismissed for failure to exhaust if the prisoner, in pursuing available state remedies, fails to comply with Texas Rule of Appellate Procedure 73.1. *See, e.g.*,

*Taylor v. Davis*, Civ. A. No. 3:19-0176, 2019 WL 2329841, at *2 (S.D. Tex. May 31, 2019) ("Compliance with Rule 73.1 is a prerequisite to consideration of the merits of an applicant's claims. *Broussard v. Thaler*, 414 F. App'x 686, 688 (5th Cir. 2017) (citing *Ex parte Blacklock*, 191 S.W.3d 718, 719 (Tex. Crim. App. 2006)). A state application is properly filed 'when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.' *Id.* (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). Courts therefore construe compliance with Rule 73.1 as 'a condition to filing and not a condition to obtaining relief.' *Id.* (internal quotation marks and citation omitted).").

**Recommendation**

The Court should dismiss the pending habeas action without prejudice to Petitioner Jared Demille Fuller's right to properly pursue available state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

- 5 -

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 12, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE